UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                CASE NUMBER: 07-20037-4
                                          HONORABLE VICTORIA A. ROBERTS

v.

CHARLES D. LONG,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE AND EXTENDING TIME TO SELF-REPORT

Defendant was convicted of violating the Clean Water Act, 33 U.S.C. § 1319(c)(2)(A). On April 8, the Court sentenced Defendant to 24 months detention.

On May 22, Defendant requested leave to appeal his conviction. Attached to his motion was a Form CJA 23 Financial Affidavit describing Defendant's personal resources. Defendant did not give a reason for supplying this form.

On June 18, Defendant's trial attorney filed a motion to withdraw from representing him. The same day, the Court received a letter from Defendant, in which he discussed his intention to appeal his conviction and stated: "I still have not heard from the court on if I have a court appointed attorney."

The Court construes Defendant's June 18 letter, together with the Form CJA 23 Financial Affidavit, as a motion for appointment of appellate counsel.

Pursuant to the Criminal Justice Act, before granting a defendant's request for appointment of counsel, a court must conduct an "appropriate inquiry [to determine] that the person is financially unable to obtain counsel." 18 U.S.C. § 3006A(b). It is the

defendant's responsibility to supply the court with "sufficient and accurate information upon which [to] make an eligibility determination." VII Administrative Office of the United States Courts, *Guide to Judiciary Policies and Procedures* § 2.03 (2009); *United States v. Parker*, 439 F.3d 81, 96 (2d Cir. 2006) (citations omitted).

Defendant did not provide sufficient information for the Court to make its determination. For instance, Defendant states he owns a house worth $250,000, but does not indicate whether and how much equity is in this property. Defendant also neglects to state whether he has any unsecured debts outside of his mortgage and car payments. These are only examples of Defendant's failure to comply. Based on this information, the Court cannot assess whether Defendant is financially eligible to receive court-appointed counsel.

Defendant's motion for court-appointed counsel is **DENIED WITHOUT PREJUDICE**.

Defendant's June 18 letter also requests an extension of time to self-report to prison. Defendant's initial surrender date was May 18, but the Court twice extended this deadline to allow him to close his long-time business. Defendant is currently scheduled to self-report on July 8, 2009.

The Court **GRANTS** Defendant's request and extends his deadline to self-report until Wednesday, July 22, 2009, at 12:00 PM. However, Defendant is notified there will be no further extensions.

**IT IS ORDERED**.

Dated:  June 29, 2009

S/Victoria A. Roberts  
United States District Judge

2

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on June 29, 2009.

s/Carol A. Pinegar
Deputy Clerk